IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRED T. VANDAM, Trustee of<br>105 Holmes Avenue Realty Trust,<br><br>    Plaintiff<br><br>vs.<br><br>DAVID M. MCSWEENEY, SR.,<br>Trustee of MC Realty Trust,<br>ROCKLAND LEASE FUNDING CORP.,<br>UNITED STATES OF AMERICA, and<br>GENERAL ELECTRIC COMMERCIAL<br>EQUIPMENT FINANCING,<br><br>    Defendants. | Case No.<br><br><br><br><br><br>Formerly<br>Case No. 04-4389-F<br>Suffolk Co. Sup. Ct.<br><br><br>**04 12654 GAO** |

### UNITED STATES' ANSWER

1. Plaintiff, Fred T. Van Dam, Trustee of 105 Holmes Avenue Realty Trust ("Plaintiff"), is a Trust established and recorded on November 18, 1986 in the Suffolk County Registry of Deeds in Book 13086, Page 92.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Defendant, David M. McSweeney, Sr. Trustee of McRealty Trust ("McSweeney"), is a Trust established and recorded July 6, 1999 in the Suffolk County Registry of Deeds in Book 25018, Page 271.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Defendant, Rockland Lease Funding Corp. ("Rockland") is a lending institution having a usual place of business in New Berlin, New York.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Defendant, United States of American ("U.S.") by way of the Internal Revenue Service ("IRS") is a Federal agency with a usual place of business in Washington D.C. with a area office in Boston, Massachusetts.

**ANSWER:** The United States admits.

5. Defendant, General Electric Commercial Equipment Financing, a division of General Electric Capital Corporation ("GECC"), is a corporation organized under the laws of the State of Delaware having a usual place of business at 44 Old Ridgebury Road, Danbury, Connecticut. Upon information and belief, GECC is duly authorized to do business in the Commonwealth of Massachusetts.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. On or about April 24, 2004, Plaintiff, as first mortgages, sold by foreclosure auction sale a certain parcel of real property located and known as 105 Holmes Avenue, Dorchester, Suffolk County, Massachusetts (the "Real Property"). Defendant, McSweeney was the title-holder and mortgagor of said Real Property.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. The foreclosure auction sale was for breach of condition pursuant to a Power of Sale contained in a certain first mortgage on the premises dated June 5, 2000 and with the Suffolk County Registry of Deeds in Book 25020, Page 314. The foreclosure auction sale realize monies in the sum of $310,000.00. Plaintiff retained the sum of $251, 038.88 from the sale proceeds representing the following:

   a. $90,068.08 in outstanding principal due on the note;
   b. $27,115.00 in interest, late charges and insufficient funds fees;
   c. $102,932.41 in taxes;
   d. $4,500.00 in legal fees to Hogan, Roach & Malone;
   e. $10,794.00 in auctioneer fees and costs to Paul Saperstein;
   f. $7,641.10 in foreclosure fees;
   g. $2,957.87 in foreclosure costs;
   h. $2,1130.00 in bankruptcy fees;
   i. $12.75 in bankruptcy costs; and
   j. $2,904.67 in interest on tax lien payoff.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. The remaining proceeds from the foreclosure auction in the amount of $58,961.12 are being held by the Plaintiff in an escrow account. Because the Plaintiff has been able to identify the proper owner of these funds, it cannot assign a tax identification number to the escrow account and therefore no interest is being accrued on the remaining proceeds.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Defendant, McSweeney, many have an interest in the surplus funds by virtue of an ownership interest, whether legal or equitable, in all or a portion of the real property as evidence by a Quitclaim Deed, dated June 30, 1999 and recorded with the Suffolk County Registry of Deeds in Book 25018, Page 276.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Defendant, Rockland, may have an interest in the surplus proceeds by virtue of a Mortgage, dated April 17, 2002, and recorded with the Suffolk County Registry of Deeds in Book 28375, Page 53.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. On or about October 13, 2004, Barron & Stadfeld, P.C. counsel for Plaintiff, was served with a Notice of Levy, which was recorded on July 14, 2004. (A copy of the Notice of Levy and Federal Tax Lien is attached hereto as Exhibit "A").

**ANSWER:** The United States admits.

12. Defendant, U.S., may have an interest in the surplus proceeds by virtue of a Federal Tax Lien and Notice of Levy as against David McSweeney.

**ANSWER:** The United States admits.

13. Should this Court determine that ownership interest in the surplus funds is rightfully to David McSweeney, then the U.S. may be entitled to those funds.

**ANSWER:** The United States admits.

14. On or about October 20, 2004, Barron and Stadfeld, P.C. counsel for the Plaintiff in this action, was served with a Summons, Short Order of Notice, Motion for Equitable Attachment, Memorandum of Law in Support of Equitable Attachment, Affidavit of Katherine Sanza, Complaint and Civil Action Cover Sheet by the Defendant GECC.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Defendant, GECC may have an interest in the surplus proceeds by virtue of Chattel Mortgage, Personal Guaranty, Lease Contract and related agreements attached hereto at Exhibit "B".

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Should this Court determine that ownership interest in the surplus funds is rightfully to David McSweeney, then GECC may be entitled to those funds.

**ANSWER:** The United States is without information sufficient to form a belief as to the truth of the allegations in paragraph 16.

WHEREFORE, the United States prays as follows:

1) that the Court determine the proper amount of the surplus funds, including accrued interest;

2) that the Court determines the relative priorities of the claimants to the surplus funds;

3) that the Court determine that the Plaintiff fees and costs may not reduce the share allocable to the United States; and

4) that the Court order such further relief that the Court deems proper.

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

/s/ Stephen J. Turanchik
STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6565
stephen.j.turanchik@usdoj.gov

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on
12/20/04
/s/ Barbara Healy Smith
Assistant U.S. Attorney