UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 04-12654 GAO
Formerly Case No.: 04-4389-F
Suffolk County Superior Court

| | |
|---|---|
| FRED T. VANDAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVID M. MCSWEENEY, SR., | ) |
| TRUSTEE OF MCREALTY TRUST, | ) |
| ROCKLAND LEASE FUNDING CORP., | ) |
| UNITED STATES OF AMERICA, AND | ) |
| GENERAL ELECTRIC COMMERCIAL | ) |
| EQUIPMENT FINANCING, a division of | ) |
| GENERAL ELECTRIC CAPITAL CORP. | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO MAKE
## DEPOSIT IN COURT AND FOR
## AWARD OF ATTORNEY'S FEES AND COSTS

NOW COMES the Plaintiff, Fred Vandam ("Plaintiff"), and hereby moves the court, pursuant to Rule 67 of the Federal Rules of Civil Procedure, for leave to deposit with the court the sum of $53,880.72 and for an award of fees and costs in the amount of $5,080.40 in the above-captioned action. As reasons therefor, Plaintiff states the following:

1. This is an action in interpleader to determine whether the defendants have rights or priorities to the surplus funds resulting from a foreclosure auction sale. The plaintiff has no interest in said surplus of $58,961.12, except to pay it to the party rightfully entitled thereto.

2. On or about April 24, 2004, Plaintiff foreclosed on a first mortgage on a parcel of real property located and known as 105 Holmes Avenue, Dorchester, Suffolk County, Massachusetts (the "Real Property"). The Real Property was sold at a foreclosure auction for the sum of $310,000.00 producing a surplus above the first mortgage in the sum of $58,961.12. Said surplus is being held by Barron & Stadfeld, P.C. in escrow.

3. On or about October 5, 2004, Barron & Stadfeld, P.C. filed the above-captioned interpleader action on behalf of Plaintiff.

4. The attorney's fees for the services provided by Barron & Stadfeld, P.C. in relation to the above-captioned action as of February 18, 2005 are in the amount of $4,027.20 and the expenses, including the filing fee, costs of summons and constable's fees, are $553.20.

5. Barron & Stadfeld, P.C. anticipates providing an additional $500.00 in attorneys' services from February 18, 2005 through the hearing of this motion.

6. Barron & Stadfeld, P.C. is entitled to an award from the surplus proceeds for the fees incurred in preparing and prosecuting this interpleader action. See: 3A Moore's Federal Practice §22.16[2]. See also, Bridgewater Savings bank v. United States of America, et al., 1978 WL 4507 (D.Mass.)(holding a bank in an interpleader action, "as a disinterested stakeholder . . . is entitled, by the customary practice in this Circuit . . . to compensation from the remaining balance of the impleaded fund for the reasonable attorney's fees and actual expenses it incurred in seeking judicial instructions on how to dispose of the surplus foreclosure proceeds"); Ferber Co. v. Ondrick, 310 F.2d 462, 467 (1962)(stating "an interpleader fee is usually awarded out of the fund to compensate a totally disinterested stakeholder who had been, by reason of possession of the fund, subject to conflicting claims through no fault of its own").

7.   This Court, in its discretion, has routinely allowed the innocent stakeholder to be compensated from the surplus proceeds. See Greenpoint Mortgage Funding, Inc. v. Said Alberto Salles, et al., Worcester Superior Court, C.A. No. 04-0443; Greenpoint Mortgage Funding, Inc. v. Patrick G. Kelleher, et al., Worcester Superior Court, C.A. 03-02290-C; Ameriquest Mortgage Co. v. Nelson Ekeh, et al., Worcester Superior Court, C.A. No. 04-00275-C; Homeside Lending, Inc. v. Kofi Gyan, et al., Worcester Superior Court, C.A. No. 03-01778-A; and, Chase Manhattan Mortgage Corp. v. Michelle Juedevine, et al., Norfolk Superior Court, C.A. No. 03-01883.

8.   Barron & Stadfeld, P.C. has received no compensation or reimbursement for its fees and costs in this matter from any source.

In support of this motion, Plaintiff has submitted herewith the Affidavit of Randy J. Spencer.

WHEREFORE, Plaintiff moves this Court for an Order awarding the Plaintiff the amount of $5,080.40 for legal fees and costs from the surplus proceeds and further ordering that, after payment of that amount, the plaintiff be permitted to deposit with the court said sum of $53,880.72 ($58,961.12 less $5,080.40 in legal fees and costs) and that, upon such deposit being made, that the plaintiff be discharged from liability as to such sum to the defendants.

Respectfully submitted,
Plaintiff,
By his attorneys,

Randy J. Spencer, BBO: 653879
Barron & Stadfeld, P.C.
100 Cambridge St.
Boston, MA 02114
(617) 723-9800

Dated: February 22, 2005

## CERTIFICATE OF SERVICE

    I, Randy J. Spencer, hereby certify that on February 22, 2005 I served a copy of the foregoing by mailing a copy first class mail, postage prepaid to:

    David J. Paliotti, Esq.
    Greenbaum, Nagel, Fisher & Hamelburg
    200 High Street
    Boston, MA 02110

    Eric A. Howard, Esq.
    Domestico, Lane & McNamara, LLP
    The Meadows
    161 Worcester Road
    Framingham, MA 01701

    Philip S. Levoff, Esq.
    Law Offices of Philip S. Levoff
    1172 Beacon Street, Suite 202
    Newton, MA 02461-1150

    Stephen J. Turanchik, Esq.
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Ben Franklin Station
    Washington, DC 20044

_____
Randy J. Spencer

315388