*A-1*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 MAR -4 P 1: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

Docket No. 04-12654 RGS
Formerly Case No. 04-4389F
Suffolk Superior Court

FRED T. VAN DAM )
    Plaintiff/Defendant-in-Counterclaim )
                                                      )
v. )
                                                      )
DAVID M. MCSWEENEY, Trustee of MC )
REALTY TRUST, )
    Defendant/Plaintiff-in-Counterclaim )
and )
                                                      )
ROCKLAND LEASE FUNDING )
CORP.; UNITED STATES OF AMERICA; and )
GENERAL ELECTRIC COMMERCIAL )
EQUIPMENT FINANCING, a division of )
GENERAL ELECTRIC CAPITAL CORP.; )
    Defendants )
                                                      )

**DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM DAVID M.
MCSWEENEY'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO MAKE DEPOSIT IN COURT AND
AWARD OF ATTORNEY'S FEES AND COSTS**

Defendant/Plaintiff-in-Counterclaim David M. McSweeney, Trustee of MC Realty Trust

("McSweeney"), respectfully submits the following in Opposition to Plaintiff/Defendant-in-

Counterclaim Fred T. Van Dam's ("Van Dam") Motion to Make Deposit in Court and Award of

Attorney's Fees and Costs and hereby requests that the said Motion be denied, with the exception

that McSweeney is not opposed to Van Dam depositing all of the surplus sale proceeds with the

Court in an interest-bearing account.

1.     As an initial matter, Van Dam has failed to comply with Local Rule 7.1(a)(2) in that he did not discuss the content of his motion with counsel for McSweeney prior to filing the same with the Court.

2.     Notwithstanding the foregoing and by way of background, McSweeney purchased the commercial premises known as and numbered 105 Homes Avenue, Dorchester, Massachusetts ("the Premises"), from a Trust controlled by Van Dam on or about June 1, 2000 and in connection therewith granted a purchase money mortgage to Van Dam to secure the principal amount of $125,000 (the "Mortgage").

3.     McSweeney defaulted under the terms of the Mortgage and corresponding promissory note and Van Dam foreclosed upon the Mortgage by having a public auction on or about April 24, 2004.

4.     As a result of that auction, Van Dam sold the Premises to a third party for the sum of $310,000.00 by deed dated June 8, 2004 and recorded on July 21, 2004 with the Suffolk County Registry of Deeds, which sum was in excess of the monies due Van Dam under the terms of the Mortgage and promissory note from McSweeney.

5.     On or about October 18, 2004, after repeated requests by McSweeney's counsel, Van Dam filed an Interpleader action with the Suffolk Superior Court[1] relative to the surplus sale proceeds, which action was later removed to this Court.

6.     As set forth in McSweeney's Counterclaim in this action, there is a dispute as to the actual amount of the surplus from the foreclosure sale, with McSweeney claiming that it is considerably higher than that alleged by Van Dam, who to date has refused to provide any

---

[1] The Complaint was initially brought erroneously in the name of Van Dam as Trustee of 105 Homes Avenue Realty Trust, when it should have been brought in Van Dam's name individually. After McSweeney's counsel pointed this out to Van Dam's counsel, it took them months to amend their Complaint; although they only amended it as to the caption, not the body of the Complaint.

supporting documentation as to the amounts retained by him above and beyond principal and interest.

7.      Van Dam is presently before the Court seeking permission to be absolved of any further liability to McSweeney and the other parties claiming an interest in the aforesaid surplus by depositing with the Court what he claims to be the surplus amount and also for approval of attorney's fees and costs in excess of $5,000.00 for filing the Interpleader action.

8.      McSweeney is opposed to this Motion because (a) the amount of the surplus is in dispute, (b) McSweeney has a Counterclaim against Van Dam and thus Van Dam cannot be allowed to extricate himself from this action by simply depositing what he claims to be the surplus with the Court, and (c) the attorney's fees and costs requested are grossly excessive, in that not all of the time spent was exclusively devoted to the Interpleader action and the services performed were duplicative and inefficient.

9.      McSweeney is not opposed, however, to Van Dam depositing with the Court in an interest-bearing account the funds he claims represent the surplus foreclosure sale proceeds, provided this does not prejudice McSweeney in any way from contesting the amount of the actual surplus.

10.     Given the fact that Van Dam is not a "disinterested stakeholder," the cases cited by him do not apply to this case and he is not entitled to the relief sought in his motion.

WHEREFORE, McSweeney respectfully requests that this Court deny Van Dam's aforesaid Motion, with the exception that Van Dam may deposit all of the surplus sale proceeds with the Court in an interest-bearing account.

Respectfully submitted,
Defendant/Plaintiff-in-Counterclaim
DAVID M. McSWEENEY, TRUSTEE of
MC REALTY TRUST,
By his attorneys,

_____
David J. Paliotti, Esquire
BBO No. 547501
GREENBAUM, NAGEL,
FISHER & HAMELBURG
200 High Street, 4th Floor
Boston, MA 02110
(617) 423-4300

## CERTIFICATE OF SERVICE

I, David J. Paliotti, Esquire, hereby certify that I have served a copy of the following document:    Defendant/Plaintiff-in-Counterclaim David M. McSweeney's Opposition to Plaintiff's Motion for Leave to Make Deposit in Court and Award of Attorney's Fees and Costs upon:

Kevin P. Scanlon, Esquire
BARRON & STADFIELD
50 Staniford Street, Suite 200
Boston, MA 02114

Randy J. Spencer, Esquire
BARRON & STADFIELD, PC
50 Staniford Street, Suite 200
Boston, MA 02114

Barbara Healy Smith
United States Attorney's Office
John Joseph Moakley Federal
Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Stephen J. Turanchik
U.S. Department of Justice
Trial Attorney, Tax Division
Post Office Box 55
Ben Franklin Station
Washington, DC 20044

Charles J. Domestico, Esquire
DOMESTICO & BARRY
The Meadows
161 Worcester Road
Framingham, MA 01701

Eric A. Howard, Esquire
DOMESTICO, LANE &
MCNAMARA, LLP
161 Worcester Road
Framingham, MA 01701

4

Philip S. Levoff, Esquire
1172 Beacon Street, Suite 202
Newton, MA 02461-1150

by causing a copy of the same to be mailed to them by first class mail, postage prepaid on this 4th day of March, 2005.

David J. Paliotti, Esquire
BBO No. 547501
GREENBAUM, NAGEL,
FISHER & HAMELBURG
200 High Street, 4th Floor
Boston, MA  02110
(617) 423-4300