UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 04-12654-RGS

| | |
|---|---|
| FRED T. VANDAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVID M. MCSWEENEY, | ) |
| TRUSTEE OF MCREALTY TRUST, | ) |
| ROCKLAND LEASE FUNDING CORP., | ) |
| UNITED STATES OF AMERICA, AND | ) |
| GENERAL ELECTRIC COMMERCIAL | ) |
| EQUIPMENT FINANCING, a division of | ) |
| GENERAL ELECTRIC CAPITAL CORP. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF, FRED T. VAN DAM'S
## ANSWER TO DEFENDANT, DAVID M. McSWEENEY'S COUNTERCLAIM

The Plaintiff / Defendant in Counterclaim, Fred T. Van Dam ("Plaintiff"), hereby answers the Counterclaims asserted by the Defendant / Plaintiff in Counterclaim, David M. McSweeney, Trustee of MC Realty Trust ("Defendant"), responding to the same numbered paragraphs as follows:

### FIRST AFFIRMATIVE DEFENSE

1.      The Plaintiff is without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained in this paragraph and calls upon Defendant to prove same.

2.      The Plaintiff admits the allegations contained in this paragraph.

1

3. The Plaintiff is without sufficient information and/or knowledge to form a belief as to the truth of the allegations contained in this paragraph and calls upon Defendant to prove same.

4. The document speaks for itself and no response is therefore necessary. To the extent this paragraphs alleges facts, these facts are denied, and the Plaintiff calls upon Defendant to prove same.

5. The document speaks for itself and no response is therefore necessary. To the extent this paragraphs alleges facts, these facts are denied, and the Plaintiff calls upon Defendant to prove same.

6. The document speaks for itself and no response is therefore necessary. To the extent this paragraphs alleges facts, these facts are denied, and the Plaintiff calls upon Defendant to prove same.

7. The document speaks for itself and no response is therefore necessary. To the extent this paragraphs alleges facts, these facts are denied, and the Plaintiff calls upon Defendant to prove same.

8. The Plaintiff admits that on or about April 24, 2004, the Plaintiff, as first mortgagee, sold by foreclosure auction sale the property known and located as 105 Holmes Avenue Realty Trust. To the extent this paragraph states "Real Property", said term has not been properly defined and is therefore denied. Plaintiff denies all other facts in this paragraph and calls upon Defendant to prove same.

9. The Plaintiff denies this facts alleged in this paragraph and calls upon Defendant to prove same.

10. The Plaintiff denies the allegations contained in this paragraph.

11. The Plaintiff denies the allegations contained in this paragraph.

12. The Plaintiff denies the allegations contained in this paragraph.

13. The Plaintiff denies the allegations contained in this paragraph.

14. The Plaintiff denies the allegations contained in this paragraph.

## COUNT I
### (Breach of Contract)

15. Plaintiff incorporates herein by reference its answers to paragraphs 1 through 14 above.

16. Plaintiff denies the allegations contained in this paragraph.

17. Plaintiff denies the allegations contained in this paragraph.

18. Plaintiff denies the allegations contained in this paragraph.

## COUNT II
### (Violation of M.G.L. c. 244, §§20 and 36)

19. Plaintiff incorporates herein by reference its answers to paragraphs 1 through 18 above.

20. Plaintiff denies the allegations contained in this paragraph.

21. Plaintiff denies the allegations contained in this paragraph.

22. Plaintiff denies the allegations contained in this paragraph.

## COUNT III
### (Usury)

23. Plaintiff incorporates herein by reference its answers to paragraphs 1 through 22 above.

24. Plaintiff denies the allegations contained in this paragraph.

25. Plaintiff denies the allegations contained in this paragraph.

26. Plaintiff denies the allegations contained in this paragraph.

## COUNT IV
### (Violation of Implied Covenant of Good Faith & Fair Dealing)

27. Plaintiff incorporates herein by reference its answers to paragraphs 1 through 26 above.

28. Plaintiff denies the allegations contained in this paragraph.

29. Plaintiff denies the allegations contained in this paragraph.

30. Plaintiff denies the allegations contained in this paragraph.

## COUNT V
### (Violation of G.L. c. 93A)

31. Plaintiff incorporates herein by reference its answers to paragraphs 1 through 30 above.

32. Plaintiff denies the allegations contained in this paragraph.

33. Plaintiff denies the allegations contained in this paragraph.

34. Plaintiff denies the allegations contained in this paragraph.

35. Plaintiff denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

### SECOND AFFIRMATIVE DEFENSE
The Counterclaim fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
Defendant is barred from recovering on its claims by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
Defendant is barred from recovering on its claims by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
Defendant is barred from recovery on its claims by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE
Defendant is barred from recovery as it has suffered no damage.

SEVENTH AFFIRMATIVE DEFENSE
If the Defendant has been damaged as alleged, which Plaintiff denies, then said damage resulted from the acts and/or omissions of persons or entities for whose conduct Plaintiff is neither legally liable nor responsible.

EIGHTH AFFIRMATIVE DEFENSE
If the Defendant has been damaged as alleged, which Plaintiff denies, then said damage resulted from the Defendant's own negligence and/or intentional conduct. Accordingly, the Defendant is barred from recovery or must reduce their recovery (if any) proportionately to the extent of their negligence.

NINTH AFFIRMATIVE DEFENSE
The Defendant has incurred no damages as a result of any act or omission of Plaintiff, and accordingly, the Defendant is not entitled to recovery.

TENTH AFFIRMATIVE DEFENSE
Defendant is barred by the doctrine of accord and satisfaction.

ELEVENTH AFFIRMATIVE DEFENSE
Defendant is barred by the doctrine of unclean hands.

TWELFTH AFFIRMATIVE DEFENSE
The Defendant breached the terms of the Agreement and thereby cannot recover thereunder.

THIRTEENTH AFFIRMATIVE DEFENSE
Any recovery by the Defendant must be reduced and set-off by the damages and losses which the Defendant has caused Plaintiff, including, but not limited to attorneys fees and costs associated with Plaintiff's defense to Defendant's counterclaims.

FOURTEENTH AFFIRMATIVE DEFENSE
The Plaintiff is entitled to recoupe his reasonable attorneys' fees and costs associated with his defense of this action from the surplus funds in this interpleader action.

FIFTEENTH AFFIRMATIVE DEFENSE
The Counterclaim is barred by the failure of consideration

SIXTEENTH AFFIRMATIVE DEFENSE
The Counterclaim is barred by fraud in the inducement and misrepresentation by the Defendant and their agents.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counterclaims and issues so triable.

                                Respectfully submitted,
                                THE PLAINTIFF,
                                By its attorneys,

                                BARRON & STADFELD, P.C.

                                _____
                                Kevin P. Scanlon, Esquire
                                BBO # 564978
                                Randy Spencer, Esquire
                                BBO # 653879
                                100 Cambridge Street
                                Boston, MA 02114
                                (617) 723-9800

Dated: March 8, 2005
[316024]

## CERTIFICATE OF SERVICE

I, Randy J. Spencer, hereby certify that on March 8, 2005 I served a copy of the foregoing by mailing a copy first class mail, postage prepaid to:

        David J. Paliotti, Esq.
        Greenbaum, Nagel, Fisher & Hamelburg
        200 High Street
        Boston, MA 02110

        Eric A. Howard, Esq.
        Domestico, Lane & McNamara, LLP
        The Meadows
        161 Worcester Road
        Framingham, MA 01701

        Philip S. Levoff, Esq.
        Law Offices of Philip S. Levoff
        1172 Beacon Street, Suite 202
        Newton, MA 02461-1150

Stephen J. Turanchik, Esq.
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

_/s/ Randy J. Spencer_
Randy J. Spencer

316024